# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : |
| | : Criminal Action No. |
| CARDELL THOMAS, | : 5:99-cr-72 (HL) |
| Defendant. | : |

## ORDER

Before the Court is Defendant Cardell Thomas'("Thomas") Motion for Reduction of Sentence (Doc. 50). For the following reasons, the motion is denied.

## I.    PROCEDURAL BACKGROUND

Thomas pled guilty to drug charges in two federal cases within the Middle District of Georgia, 5:99-cr-72 and 5:99-cr-73. After entering his plea and before sentencing, Thomas was released on bond. While he was released, Thomas was arrested on March 15, 2000 for a drug offense occurring at the Atlanta Hartsfield International Airport in Clayton County, Georgia.

On July 23, 2000, Thomas was sentenced on his federal charges to a term of 158 months in each case, to run currently. Thomas had not been sentenced on his state charges arising out of the Atlanta airport arrest; therefore, the district court did not have the opportunity to decide whether his state sentence should run concurrently with his federal sentence.

After he was sentenced for his federal charges, he was sentenced to a twenty-

five year prison term for his state offenses. The Superior Court of Clayton County ordered that his state sentence run concurrent with his federal sentence.

Thomas immediately began serving his state sentence. He was released on parole for his state offense on May 25, 2007. After being released on parole, he began serving his federal sentence. He is serving his federal sentence at Oakdale Federal Correctional Institution in Oakdale, Louisiana.

Pursuant to the United States Sentencing Commission Guidelines Manual § 5G1.3(b), Thomas asks the Court to credit the time he served in state custody toward his federal sentence. The Government asserts the Court is without jurisdiction to grant Thomas' motion and alternatively, if the motion is construed as a habeas corpus petition, the petition must be dismissed because Thomas has named the wrong defendant and has brought the petition in the incorrect forum.

## II.  ANALYSIS

Title 18 U.S.C. § 3585(b)(1) authorizes the Bureau of Prisons "to give credit for time an inmate has spent in official detention." Pizzichiello v. Director Federal BOP, 193 Fed. App'x 907 (11th Cir. 2006). "[T]he Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing." United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (citation omitted).

A district court has limited authority through statute to modify a sentence. United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Title 18 U.S.C.

§ 3582(b) provides that a district court may modify sentence only if one of three circumstances is satisfied. None of these circumstances are present in Thomas' case.

Further, a challenge brought pursuant to § 5G1.3(b) is a challenge to the imposition, rather than an execution, of a federal sentence. Watson v. Grayer, 2010 WL 617391, at * 4 (N.D. Ga. Feb. 18, 2010) (citing Short v. Revell, 152 Fed. App'x 542, 545 (7th Cir. 2005)). Section 5G1.3(b) challenges must be raised on appeal or in a 28 U.S.C. § 2255 motion to vacate. Id.

To reiterate, the Bureau of Prisons has the authority to compute the amount of credit that a prisoner is to receive for his time served. Thus, Thomas must exhaust his administrative remedies challenging the Bureau of Prisons' decision to provide him credit for time he has served in state custody. United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (" A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.") (citation omitted). If Thomas is dissatisfied, then he may challenge the Bureau of Prisons' determinations by filing a habeas corpus petition, 28 U.S.C. § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 ("A § 2241 action is the appropriate vehicle to challenge a decision of the federal Parole Commission.") (citation omitted). Habeas claims asking for credit for time served are properly brought under § 2241. Williams, 425 F.3d at 990.

Habeas corpus petitions must name the warden of the facility where the

prisoner is held as the defendant and the petition must be filed in the district where the prisoner is confined. Barden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds in what is alleged to be unlawful custody."); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section § 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated).

Thomas had not met either of these requirements. Therefore, his motion (Doc. 52) is denied. After exhausting his administrative remedies, he may file a habeas corpus petition in the U.S. District court for the Western District of Louisiana naming the warden of his facility as the defendant.

**SO ORDERED**, this the 20th day of September, 2010.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

lmc